UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHELLE SERTH-STEIN, ) <br> ) <br> Defendant. ) <br> ) <br> ) | 4:20CR00763 RLW/SPM |

## INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

1. Midwest Systems is a family-owned trucking business located in Saint Louis, Missouri, within the Eastern District of Missouri.

2. On or about May 30, 2017, Defendant **MICHELLE SERTH-STEIN** was hired as a driver recruiter with Midwest Systems. As a part of her role as a driver recruiter with Midwest Systems, Defendant Serth-Stein would submit invoices to Midwest Systems for reimbursement of driver recruitment expenses. She would then use the Midwest Systems company credit card to pay those expenses.

3. From in or about October 2017 until in or about January of 2019, Defendant Serth-Stein submitted false and fraudulent invoices to Midwest Systems in order to embezzle funds from the company.

4. Defendant Serth-Stein was terminated from Midwest Systems on or about January 24, 2019.

5. On or about March 3, 2019, Defendant Serth-Stein was hired by AA Express Inc. to conduct driver recruitment and oversee driver safety.

6. AA Express Inc. is a trucking company located in Saint Louis, Missouri, within the Eastern District of Missouri.

7. From on or about March 2019 through on or about August 2019, Defendant Serth-Stein made unauthorized Automated Clearing House (hereinafter "ACH") transactions from the AA Express Inc. business bank account at Carrollton Bank ending in #3047. Defendant Serth-Stein also intercepted at least one check made payable to AA Express by using her check signing privileges on the AA Express bank account to endorse the check to herself. She subsequently deposited the check into her personal Regions checking account ending in #8517.

8. On or about August 10, 2019, Defendant Serth-Stein's employment with AA Express Inc. ended.

## COUNTS I-V
## WIRE FRAUD: 18 U.S.C. § 1343

### THE SCHEME

9. From on or about October 2017 to on or about August 2019, the relevant time period, **Defendant Serth-Stein** devised and intended to devise a scheme to defraud her employers and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNER AND MEANS

It was part of the scheme that:

10. During the relevant time period, Defendant Serth-Stein established an unauthorized PayPal account in the name of Midwest Systems.

11. It was part of the scheme that Defendant Serth-Stein sent requests for payment to the unauthorized Midwest Systems PayPal account from her personal PayPal account in the name of "MASSMJS". Defendant Serth-Stein would then pay the expense on the Midwest Systems PayPal account using the Midwest Systems company credit card. To justify the charges on the Midwest Systems company credit card to her employer, Defendant Serth-Stein created and submitted false and fraudulent invoices for driver recruitment services to Midwest Systems.

12. It was further part of the scheme that the payment made to the unauthorized Midwest Systems PayPal account would be credited back to Defendant Serth-Stein's MASSMJS PayPay account from which the charge issued and subsequently to her personal debit card ending in #7429.

13. It was further part of the scheme that Defendant Serth-Stein intercepted at least one check made payable to AA Express by using her check signing privileges on the AA Express bank account to endorse the check to herself. She subsequently deposited the check into her personal Regions checking account ending in #8517.

14. It was further part of the scheme that Defendant Serth-Stein initiated ACH transfers from the AA Express account at Carrollton Bank ending in #3047 to pay off her personal loans.

15. Between on or about October 2017 to on or about August 2019, Defendant Serth-Stein embezzled approximately $120,804.57 from Midwest Systems and AA Express to pay for retail expenditures and her personal loans, all without the knowledge or authorization of her employers.

16. On or about each of the dates set forth below, in the Eastern District of Missouri, the defendant,

**MICHELLE SERTH-STEIN,**

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | WIRE TRANSACTION |
|---|---|---|
| I | July 30, 2018 | PayPal transfer from Midwest Systems UMB account #XXXX XXXX XXXX 0149 to Defendant's Regions account #XXXXX5723 for $1,500. |
| II | January 7, 2019 | PayPal transfer from Midwest Systems UMB account #XXXX XXXX XXXX 0149 to Defendant's Regions account #XXXXX5723 for $1,500. |
| III | May 30, 2019 | ACH transfer from AA Express' Carrollton account #XXXX3047 to Defendant's Santander Consumer loan #XXXXXX4488 for $1,806.56. |
| IV | June 19, 2019 | Check from Johnson Claim Service, Inc. to AA Express Leasing, Inc. for $1,655.94 transferred into Defendant's personal Regions account #XXXXX8517. |
| V | August 7, 2019 | ACH transfer from AA Express' Carrollton account #XXXX3047 to Defendant's Santander Consumer loan #XXXXXX4488 for $1,736.00. |

All in violation of, and punishable under, Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981, and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Counts I through V, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

2. Subject to forfeiture is a sum of money in the amount of $120,804.57, which represents the total value of all property, real or personal, which constitutes or is derived from proceeds traceable to defendant's violations.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
Lindsay McClure-Hartman – 66070MO
Assistant United States Attorney